Battle, J.
 

 The several orders of the County Court, from which the defendant appealed to the Superior Court, were of such a character, that not one of them presented a question, upon which a judgment against the plaintiffs, could put an end to the cause. If such had been the case, and the defend.
 
 *307
 
 ant bad a right to such a judgment, which the Court refused to give, be might have appealed at once to the Superior Court. Although it is admitted, that it is not every order which the county court may make in the progress of a cause, that is, the subject of an appeal, yet, as Tayloe, O. J., said in
 
 Hunt
 
 v.
 
 Crowell,
 
 2 Murph. Rep. 424, “ Whenever the question presented to the county court, is such, that a judgment presented to it one way, would put an end to the cause, it may bo appealed from.” This rule was adopted ds the true test in the case of
 
 Mastin
 
 v.
 
 Porter,
 
 10 Ire. Rep. 1, and according to it the appeal, in the present case, was improperly taken, and, therefore, was rightfully dismissed from the Superior Court. The making suggestions of fraud by creditors, under the insolvent debtors’ act, Rev. Code, cln 59, and the ordering of issues to be made up thereupon, to be tried by a jury, are matters proper for the County Court, and the defendant cannot be entitled to any judgment in reference to them, which would put an end to the cause, and it follows, that any appeal by him, from such, would be premature. Such were the orders in this case, with the additional one, for the continuance of the cause, and a judgment upon neither could have been final.
 

 The order of the Superior Court dismissing the appeal is affirmed, and this opinion will be certified to the Superior Court, to the end that the appeal to that court may be dismissed, and that a writ
 
 of
 
 proeecl&iiclo^may issue to the County Court, directing it to proceed in the cause according to law.
 

 Per Curiam, Judgment affirmed.